[No. 12950. In Bank.—December 2, 1889.]

IN THE MATTER OF THE ESTATE OF WILLIAM WALK-ERLY, DECEASED. BLANCHE M. WALKERLY ET AL., RESPONDENTS, v. MARTIN BACON ET AL., AP-PELLANTS.

PROBATE HOMESTEAD — VALUE — PRESUMPTION — DISCRETION. — A probate homestead set apart by the court under sections 1465 and 1468 of the Code of Civil Procedure is not limited to five thousand dollars in value; and the presumption is, that the court will give the family such a one as is just and proper, considering the amount and condition of the estate. The matter of value of such a homestead is within the discretion of the superior court, which will not be interfered with by the appellate court, unless it appears that such discretion has been abused.

APPEAL from an order of the Superior Court of Ala-meda County, setting apart a homestead to the widow and child of a deceased person.

The facts are stated in the opinion of the court.

*Mastick, Belcher & Mastick, Frederick E. Whitney,* and *L. Quint,* for Appellants.

*Hall & Rodgers,* and *Arthur Rodgers,* for Respondents.

WORKS, J.—This is an appeal by the trustees and legatees under the will of the testator from an order set-ting apart to the widow and child of the deceased a homestead.

The whole of the property of the deceased was his separate property, and was of the value of five hundred thousand dollars over and above the indebtedness. The homestead occupied by the family at his death was of the value of eighteen thousand dollars, and was indivisible. The court below set apart this homestead to the widow and child for a limited time. It is contended that this was error, for the reason that the court could not set apart a probate homestead greater in value than five thousand dollars.

The provisions of the code authorizing a homestead to be set apart to the family of a decedent, where none has been selected before his death, contains no limitation as to the value of such homestead. (Code Civ. Proc., secs. 1465, 1468.) There is such a limitation where a homestead is declared before his death. (Code Civ. Proc., secs. 1474, 1475.) And in that case, where it is sought to have the same set apart to the family after his death, provision is made for a sale of the property and payment of five thousand dollars to the family as or in lieu of the homestead, where it exceeds that amount in value, and cannot be divided. (Code Civ. Proc., sec. 1476.) There is no provision for the payment of money in lieu of the property where no homestead has been declared, and this court has held that it cannot be done in this class of cases. (*Estate of Noah,* 73 Cal. 590.) Therefore, if we hold in this case that a homestead exceeding five thousand dollars in value cannot be set apart, we must hold that the court is wholly without the power to set apart any homestead.

Counsel for appellants rely upon the following cases as supporting their contention that the homestead set apart must be limited to not exceeding five thousand dollars in value. (*Estate of Burns,* 54 Cal. 223; *Kearney* v. *Kearney,* 72 Cal. 591; *Estate of Noah,* 73 Cal. 590; *Kingsley* v. *Kingsley,* 39 Cal. 666.) It must be conceded that some of the language used in these cases supports the

position taken by the appellants. But a careful examination of them reveals the fact that they do not decide the question.

In *Estate of Burns*, while the court remarked in passing that the "homestead mentioned and referred to in article 2 [which is referred to in section 1465 for the procedure, to be resorted to in setting off the homestead] must not exceed five thousand dollars," the only question decided was, that the appeal was not properly taken, and the same was dismissed. It will be seen that the remark made here, that the homestead must be limited to five thousand dollars in value, was based upon the fact that section 1465 requires the homestead to be set apart "in the manner provided in article 2 of this chapter, out of the real estate belonging to the decedent," and that part 2 limited the value of the homestead as stated. But the portion of part 2 of the chapter referred to, if it had the effect claimed for it, which we very much doubt, has been repealed, and can no longer be looked to as a part of the law on the subject. (*Estate of McCauley*, 50 Cal. 545; *Mawson* v. *Mawson*, 50 Cal. 541.) If, therefore, it be conceded that part 2 of the chapter had the effect to limit the value of the homestead to be set apart, it must be clear that by the repeal thereof the limitation thereby imposed was taken away, leaving section 1465 to stand alone, and without any such limitation.

In *Kearney* v. *Kearney* the homestead had been appraised at four thousand two hundred dollars, and set apart in the administration of the estate, and the action before the court was to set aside the order on the ground of fraud and want of notice to the heirs, and on the further ground that the value of the homestead could not exceed one thousand dollars. The court, as in the other case, remarked that the "section referred to provides for a homestead of not exceeding five thousand dollars." The point made, and the one the court was discussing, was that only one thousand dollars' worth of land could

be taken for a homestead.    As the homestead in that case did not exceed five thousand dollars, the case, so far as it can be construed as holding that a homestead in excess of that amount cannot be set apart, must be regarded as a mere *dictum*.    The statement in the opinion to that effect should be given but little weight, for the reason that the question now presented was not in the mind of the court, and could not have been considered.

The case *In re Noah* was one in which it was held that the property, being used exclusively as business property, and of the value of twenty-five thousand dollars, could not be set aside as a homestead.    The decision rests upon the sole ground that the property was not such as "could have been selected as a homestead during the continuance of the marriage," and that for that reason it could not be set apart as such after the death of the husband.

In the case of *Kingsley* v. *Kingsley*, the right to the homestead was denied for the sole reason that the property was partnership property, and not within the terms of the statute.

It must be seen, therefore, that these cases cannot aid us in arriving at a conclusion upon the question now presented.

As we have seen, where the homestead has been selected during the marriage, there is a limitation upon its value, but this court has held that the limitation referred to relates to the *time the homestead was selected*, and not to the time it is set apart by the probate court, and that if the homestead did not exceed five thousand dollars in value at the time it was selected, it may, as between the widow and heirs, be set off to the family, although it has increased to a value greatly in excess of that sum. (*Burdick's Estate*, 76 Cal. 639.)

If such a construction can be placed upon a statute expressly limiting the value of the homestead, we are unable to see upon what ground it can be held that a

limitation should be placed upon it when the statute contains no such limitation. It seems to us that to so construe the section under consideration would be nothing less than judicial legislation. We must consider the sections relating to probate homesteads, where none have been previously selected, without reference to the provisions relating to voluntary homesteads, if we hope to avoid confusion. Their provisions are entirely unlike, and are not in any way dependent upon each other.

The appraisement provided for in section 1476 applies to a selected homestead, and the value is to be fixed *as of the time the homestead was selected.* Section 1465 does not, in itself, require any appraisement. So much of section 1476 as requires an appraisement cannot be applied here, for the reason that it relates to a selected homestead and to an entirely different time. Under the latter section, 1476, the homestead is treated as having vested at the time of its selection. Under section 1465 it is created by the order of the court. There is strong reason for holding that under one of these sections a limitation was intended, and not under the other. In one instance the selection is made by the party himself, in the other the selection and setting apart of the homestead is by the court. While it is fair to presume that the party will select a homestead of as great a value as he can, it is equally fair to presume that the court will give the family such a one as is just and proper considering the amount and condition of the estate. Therefore in one case a limitation was necessary, in the other it was not.

It is insisted by the appellants that the condition of this estate was such that, considering the liberal provision made for the wife and child of the deceased by his will, so valuable a homestead should not have been allowed. But this was a matter within the discretion of the court below, and unless it appears that such discretion has been abused, we think this court should not interfere.

The estate here is a large one, and we cannot say, from the evidence before us, that the court below abused its discretion in the matter.

Order affirmed.

Paterson, J., Sharpstein, J., McFarland, J., and Fox, J., concurred.

Beatty, C. J., and Thornton, J., dissented.