[No. 14489. Department Two. — April 26, 1892.]

## In the Matter of the Estate of JOHN P. SCHMIDT, Deceased.

PROBATE HOMESTEAD — CONSTRUCTION OF CODE — DUTY OF PROBATE COURT. — The purpose of section 1465 of the Code of Civil Procedure, which provides that if no homestead has been selected, designated, and recorded by a deceased spouse during his life, the court must select, designate, and set apart one, is to provide the family of the deceased with a home, where they may live and be protected as against creditors and heirs; and it is the duty of the court to select and set apart for the home such part of the estate, consisting of a dwelling-house and the land on which the same is situated, as, in view of the value of the estate and all the circumstances surrounding it, shall seem just and proper.

ID. — DISREGARDING WISHES OF APPLICANT — GRANT OF LOT NOT APPLIED FOR — DISCRETION — APPEAL. — The court is not bound by the wishes of the applicant, but should exercise its own discretion and good judgment; and unless that discretion is abused, its action will not be disturbed on appeal, although it may have denied the application, and set apart another lot not applied for.

Id. — HOMESTEAD SET APART OUT OF SEPARATE PROPERTY OF HUSBAND —
LIMITATION — POWER OF COURT. — Section 1468 of the Code of Civil
Procedure as amended in 1881, providing for the setting apart of a
homestead by the court, and that "if the property set apart be a
homestead selected from the separate property of the deceased, the
court can only set it apart for a limited period, to be designated in the
order, and the title vests in the heirs of the deceased, subject to such
order," applies to probate homesteads selected and set apart by the court;
and it is proper for the court in such case to set apart the homestead for
and during the lifetime of the survivor, and not absolutely, and it has
no power to set it apart except for a limited period.

APPEAL from an order of the Superior Court of Ala-
meda County denying, in part, a petition for the setting
apart of a probate homestead.

The facts are stated in the opinion.

*F. J. Castelhun*, for Appellant.

*A. Morgenthal*, for Respondent.

BELCHER, C. — The deceased, Schmidt, died testate in
January, 1891, leaving surviving him his widow, Lina
Schmidt, the appellant, and three adult children, issue
of a former marriage. His estate consisted of a par-
cel of land, described as six adjacent lots, situate on
Pacific Avenue and Walnut Street, in the city of Ala-
meda, and a small amount of personal property. The
lots were his separate property, and in the inventory
and appraisement returned and filed, the values placed
upon them and the improvements thereon were as fol-
lows: Lot 1, seven hundred dollars; lot 2, one thousand
dollars; lot 3, eight hundred dollars; lot 4, eight hun-
dred dollars; lot 5, four hundred dollars; lot 6, eight
hundred dollars. The lot at the corner of the streets —
described as lot 1 — was vacant, and on each of the other
lots was a one-story frame dwelling-house. Prior to his
death, four of these houses were rented by deceased to
tenants, and the other one — situate on lot 6 — was
occupied by himself as his place of residence.

Deceased and his surviving wife were married about
five years before his death, and they lived together as

husband and wife, in his said house on lot 6, until May 8, 1890, when she left him, and thereafter lived separate and apart from him.

Deceased made no provision for his wife in his will, and she had no property of her own. No homestead was selected, designated, or recorded by deceased or his wife during his life.

After the will had been admitted to probate, and the inventory and appraisement of the estate returned and filed, Mrs. Schmidt presented to the court her petition, asking, among other things, that the vacant lot and the two lots adjacent thereto, numbered 1, 2, and 5, be set apart to her as a homestead. At the hearing of the petition, it was shown that the whole property was encumbered by a mortgage for fifteen hundred dollars, and that, including the mortgage, claims against the estate had already been presented exceeding the sum of three thousand dollars. It was also shown that the property was appraised at its full value, and that there was no material difference between the lots as regards their use for a homestead, and that the sale of the remaining lots would not be affected, whichever one should be selected and set apart as a homestead.

The court denied the prayer of the petition as to the lots asked for, but made an order setting apart to the petitioner, as a homestead for and during her natural life, lot 6. The appeal is from this order.

1. It is claimed by appellant that where separate premises are equally adapted to use as a homestead, the court has no discretion, but is bound to set apart the premises selected by the applicant, and that in this case, if the condition of the estate did not warrant the granting of appellant's petition in full, then the court should have set apart to her lot 2, instead of lot 6.

In support of this point, the only authority cited is *Estate of Walkerly*, 81 Cal. 579. In that case the court set apart to the widow and child, for a limited time, the residence of the deceased, which was his separate property, and was of the value of eighteen thousand dollars.

The estate was of the value of five hundred thousand dollars over and above the indebtedness. This court held that there was no limitation as to value in setting apart a probate homestead for a limited time; and it was said: " This was a matter within the discretion of the court below, and unless it appears that such discretion has been abused, we think this court should not interfere. The estate here is a large one, and we cannot say from the evidence before us that the court below abused its discretion in the matter."

The code provides that if no homestead has been selected, designated, and recorded, " the court must select, designate, and set apart, and cause to be recorded, a homestead," etc. (Code Civ. Proc., sec. 1465.) The obvious purpose of this statute is to provide the family of the deceased with a home, where they may live and be protected as against creditors and heirs; and it is made the duty of the court to select and set apart for that home such part of the estate, consisting of a dwelling-house and the land on which the same is situated, as, in view of the value of the estate and all the circumstances surrounding it, shall seem just and proper. The court is not bound by the wishes of the applicant, but should exercise its own discretion and good judgment; and unless that discretion is abused, its action will not be disturbed on appeal.

Here the whole estate was of small value, and the court set apart to the petitioner the house and lot where she and her husband resided till she left him, and where he continued to reside till he died. This seems to have been the proper thing to do, and at any rate we can see in it no abuse of discretion.

2. It is also claimed that the court erred in setting apart the homestead for and during the lifetime of appellant only, and not absolutely. In support of this point the case of *Mawson* v. *Mawson*, 50 Cal. 539, and sections 1465 and 1468 of the Code of Civil Procedure, are cited and relied upon.

*Mawson* v. *Mawson*, 50 Cal. 539, was decided in 1875,

and in construing the sections referred to as they then stood, it was held that there was a distinction between a homestead selected from the separate property of the deceased and recorded during his or her lifetime, and a homestead selected and set apart from the separate property of the deceased by the probate court; that in the former case the homestead selected could only be set apart for a limited period, and that in the latter case the homestead selected vested absolutely in the survivor, if there were no minor children. The court, however, said: "It is somewhat difficult to understand upon what ground the legislature discriminates between homesteads selected and recorded in the lifetime of the parties, and those to be set apart by the probate court out of the separate estate of the deceased. But these provisions are in no respect inconsistent with each other. The language is incapable of any other interpretation than that if a homestead be set apart by the probate court out of the separate estate of the deceased husband, it shall belong to the widow and minor children, if there be any; while, on the other hand, it is equally clear that if the homestead be selected and recorded while the husband and wife are both living, out of the separate estate of either, 'it vests, on the death of the person from whose property it was selected, in his or her heirs, subject to the power of the probate court to assign it for a limited period to the family of the decedent.' It is our duty to administer the statute law as we find it, and not to account for its incongruities."

At the time this decision was rendered, section 1468 read as follows: "When property is set apart for the use of the family in accordance with the provisions of this chapter, if the decedent left a widow or surviving husband, and no minor child, such property is the property of the widow or surviving husband," etc.

In 1881 the section was amended by adding to it the following: "If the property set apart be a homestead, selected from the separate property of the deceased, the court can only set it apart for a limited period, to be

designated in the order, and the title vests in the heirs of the deceased, subject to such order."

Appellant contends that this amendment relates to homesteads selected and recorded while the husband and wife were both living, and not to so called probate homesteads selected and set apart by the court, and that it was not intended to, and did not in fact, change the rule declared in *Mawson* v. *Mawson*, 50 Cal. 539.

We cannot agree to this construction, for the reason that, if it be correct, the amendment was altogether useless and uncalled for, a similar provision being then found in section 1474 of the same code. In our opinion, it was intended by the amendment to change the rule declared in *Mawson* v. *Mawson*, 50 Cal. 539, and to take from the court the power to set apart homesteads selected from the separate property of the deceased, except for a limited period. And this view seems to be in harmony with the subsequent decisions of this court.

In *Lord* v. *Lord*, 65 Cal. 84, the court below had set apart, as a homestead, property that was partly community and partly separate property. The order was reversed, and on page 87 it is said: "The proceedings in this case were taken under section 1465 of the Code of Civil Procedure as amended in 1880. This section received a legislative construction in harmony with the views we have above expressed by the amendment of section 1468, approved February 19, 1881, wherein it is provided that where separate property is set apart, it is set apart for a limited period only, the title vesting in the heirs subject to the order setting apart."

In the case of *In re Noah*, 73 Cal. 590, 2 Am. St. Rep. 834, the deceased had made no provision in his will for his widow. The estate was all separate property of the deceased. The only real estate was a four-story brick building used for business purposes. The widow asked for an order of sale of the property and for an allowance of five thousand dollars, in lieu of a homestead. The petition was denied, and in sustaining the order this court, on page 594, said: "Here no homestead was se-

lected during the lifetime of the decedent. Moreover, the appellant sought to have set apart to her a homestead out of the *separate property* of deceased. In such cases the court can only set apart a homestead 'for a limited period, to be designated in the order, and the title vests in the heirs of the deceased, subject to such order.' (Code Civ. Proc., sec. 1468.)"

In the case of *In re Lahiff*, 86 Cal. 151, a homestead was set apart to the surviving husband out of the separate property of his deceased wife. The case was appealed to this court, and on page 153 it is said: "No homestead having been selected and recorded during the lifetime of the decedent, it was the duty of the court to designate and set apart a homestead out of the community property, if there was any such; if not, then out of the separate property of the decedent. (Code Civ. Proc., sec. 1465.) . . . . If there was no minor child, then it was for the surviving husband alone (Code Civ. Proc., sec. 1468); but if taken, as this was, from the separate property of the decedent, it could be for only a limited period, as was done in this case."

It is objected for appellant that the question presented here was not involved in either of the cases above cited, and that the language quoted was therefore *obiter dictum.* Conceding this to be so, still we think the provisions of the code referred to were correctly construed.

It follows, in our opinion, that the order appealed from should be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.

Hearing in Bank denied.