[No. 15158. In Bank.—August 31, 1893.]

IN THE MATTER OF THE ESTATE OF E. O. SMITH, DE-
CEASED.    CATHERINE S. SMITH, RESPONDENT, *v.*
J. D. SMITH ET AL., APPELLANTS.

99  449
d107 621

99  449
e128 382

99  449
141  652

HOMESTEAD—ESTATE OF DECEASED PERSONS—SETTING APART HOMESTEAD NOT
SELECTED BY DECEDENT—VALUE NOT LIMITED.—Since the repeal of section
1480 to 1484 of the Code of Civil Procedure in 1874, the provisions of that code
authorizing a homestead to be set aside to the family of a decedent, where none
has been selected before his death, contain no limitation as to the value of the
homestead, and the fact that the property resided upon by the family exceeds
five thousand dollars in value, does not prevent the probate court from creating
a homestead thereupon, and it is immaterial whether such property is the sepa-
rate property of the decedent, or common property.

ID.—RIGHT OF SALE OF HOMESTEAD AT INSTANCE OF CREDITORS—CONTEST BE-
TWEEN WIDOW AND HEIRS.—The fact that the code provides the machinery by
which the creditors may have the homestead sold and the proceeds in excess of
five thousand dollars applied to the payment of debts, does not affect the
creation of a homestead upon land valued in excess of five thousand dollars,
upon a contest between the widow and the heirs-at-law of the decedent.

APPEAL from an order of the Superior Court of Santa Clara
County setting apart a probate homestead.

The facts are stated in the opinion of the court.

*S. A. Barker,* for Appellants.

*Arthur Rodgers,* and *C. D. Wright,* for Respondent.

McFARLAND, J.—This is an appeal by certain heirs-at-law
of E. O. Smith, deceased, from a probate order setting aside
certain premises as a homestead to the respondent, who is the
widow of the deceased.

The facts necessary to be stated are these: The said premises
consist of an ordinary city lot in the city of San Jose. It has
a dwelling-house on it which covers nearly the entire lot; and
in this house the deceased and the respondent resided for several
years next before the death of the former. The said premises
were community property, and there was never any declaration
of homestead upon the same made by either of the spouses.
The deceased purchased the lot for four thousand five hundred
dollars, paying two thousand dollars in cash and giving his
note for two thousand five hundred dollars—the deed remain-
ing in escrow, to be delivered upon payment of the note. The
note was not paid nor the deed delivered during the lifetime of

XCIX. CAL.—29

the deceased; but afterwards the respondent procured a third person to take an assignment of the note, and thereupon the deed was delivered and recorded, said third person now holding the note. There are no minor heirs of the deceased. The premises are now of the value of ten thousand dollars, and the balance of the estate, above all debts and expenses of administration, is worth seventy-five thousand dollars, with a rental of five thousand one hundred dollars per annum. The lot could not be divided without destroying its character and use as a home, and is, as the court finds, "indivisible." There is no other land of the estate suitable for a homestead. The contest is entirely between the respondent and certain heirs-at-law of the deceased—the rights of creditors not being in any way involved.

Appellants contend that, upon the foregoing facts, the court had no power to set aside said premises to the widow as a homestead because their value exceeds five thousand dollars, and contend that the court should have directed that the said premises be sold, and that out of the proceeds respondent be given five thousand dollars, and no more, in "lieu of a homestead." The position of appellants is not tenable.

Section 1465 of the Code of Civil Procedure provides that in a case like the one at bar the court "must select, designate, and set apart, and cause to be recorded, a homestead for the use" of the surviving wife. This "homestead" which is to be selected, recorded, etc., is not five thousand dollars, nor any other sum of money. It is a place of residence; it is land—real property. When a homestead has been selected by the parties, under the provisions of the Civil Code, circumstances may arise under which they will not be able to continue to hold it. Notably is this so when the rights of a creditor are involved; and the code provides the machinery by which, in such a case, the creditor may have the homestead sold and the proceeds in excess of five thousand dollars applied to his debt; but this provision has nothing to do with the creation of a homestead—even when it is established by the parties under the Civil Code. In case of a probate homestead under the Code of Civil Procedure, the court, in the first instance, creates the homestead; and the question there is, not what shall be done with an existing homestead, but how shall

an original homestead be created by the court, and out of what property shall it be carved? And there are no existing provisions of the code which restrain the court from selecting premises as a homestead, because they exceed in value five thousand dollars. There were such provisions in sections 1480 to 1484 of the Code of Civil Procedure; but those sections were repealed in 1874. If the contention of appellants be sound, then in the case at bar the court could not possibly have set aside a homestead to respondent; because there was no other land of the estate out of which a homestead could have been carved, and the premises which the court did set aside were indivisible. The appeal here is from the order setting aside the homestead; and under what provision of the code could the court have ordered five thousand dollars paid to respondent, either out of the general assets of the estate, or out of the proceeds of the sale of any particular piece of property, before any homestead had been created?

If appellants' view be right, then collateral kin might drive a widow and minor children out of their home because it happened to be worth a little more than five thousand dollars. But we think that in the *Estate of Walkerly*, 81 Cal. 579, the point made by appellants was clearly decided against them. In that case the court set aside a homestead worth eighteen thousand dollars; and appellants there made the contention insisted on by appellants here, viz.: "That the court could not set apart a probate homestead greater in value than five thousand dollars." The court, however, affirmed the order, holding that "the provisions of the code authorizing a homestead to be set aside to the family of a decedent, where none has been selected before his death, contain no limitation as to the value of such homestead." The court further held that such an order will not be disturbed by this court on account of the value of the homestead, unless there had been an abuse of discretion; and, considering the condition and value of the estate in the case at bar, we see no abuse of discretion in the order appealed from. The fact that in that case the homestead was selected from the separate property of the deceased does not in any way distinguish it from the case at bar. The same principle and reasoning equally apply to both cases. (See also *Estate of Schmidt*,

94 Cal. 334.) We see nothing in the point that the provisions of the code as above construed are unconstitutional.

Order affirmed.

DE HAVEN, J., FITZGERALD, J., HARRISON, J., and BEATTY, C. J., concurred.

GAROUTTE, J., concurring. — I concur. If the question were a new one I would dissent.