## ESTATE OF GEORGE GRISEL, DECEASED.

[No. 13,821; decided February 19, 1894.]

Homestead.—Premises Consisting of Detached Tracts will not be set aside as a probate homestead, but only the one tract on which a dwelling-house is situated, notwithstanding the value of the tracts in the aggregate does not exceed $5,000.

George Grisel died intestate on August 5, 1893, and on August 28, 1893, letters of administration upon his estate were issued to Louis Grisel, his widow.

The inventory and appraisement was filed on October 17, 1893. In the inventory three parcels of land were separately described and appraised. Lots 1, 2, 3 and 6, and the north half of lot 4 in block 26, as laid down on a certain map of a tract in Oakland township, Alameda county, were appraised at $1,500, and the improvements thereon at $500. Lots 1 and 4, in block 27 of the same tract, were appraised at $1,000. Lot 4, in block 1 of another tract in Oakland township, was appraised at $2,000. There were no improvements on either the second or third parcel.

On November 10, 1893, the widow made application to have the three parcels set apart to her as a homestead. In her petition she alleged that there was a dwelling-house on the lots in block 26, and that the other lots are situate in the immediate vicinity thereof.

Selden S. and Geo. T. Wright, for the petitioner.

Rothchild & Ach, for Eugene and Adelaide Grisel, parents of decedent.

COFFEY, J. Referring to the application of Louise Grisel, widow, there being no minor children having any interest in the property, and no homestead having been selected during the lifetime of the spouses, and further referring to the plat of said property attached to petitioner's brief herein, counsel for the mother and father of said deceased, who are entitled to one-half of said estate upon its distribution, concede that as to lots one (1), two (2), three (3) and six (6), and the one-half of lot four (4), in block No. twenty-six (26),

as delineated on said map, the petitioner is entitled to these particular lots being set apart. It is, however, contended that petitioner is not entitled to lots one (1) and four (4), in block 27, designated as "B" on said plat, and lot No. 4 in block 1, as to which petitioner also makes claim, and that the same should remain in the administratrix subject to distribution.

Counsel for petitioner, in their brief, refer to and seem to depend almost entirely upon the decision in Gregg v. Bostwick, 33 Cal. 227, 91 Am. Dec. 637.

The question of a probate homestead was not in issue in that case, nor were those portions of the opinion quoted by counsel necessary for a determination of the matters under discussion in that case. The court, in Gregg v. Bostwick, 33 Cal. 227, 91 Am. Dec. 637, declined to set apart any of the property claimed as a homestead, excepting those portions which had been specifically claimed as such in the declaration, and upon which the claimants had resided, and that portion of the decision quoted would seem to be obiter dicta. Neither of the other cases referred to by counsel has any application to the question before the court upon this petition.

The question of value, as we understand it, cuts no figure in the setting apart of a probate homestead, the object being to set apart a home, as was decided in the Estate of Walkerly, 81 Cal. 579, 22 Pac. 888, in consonance with the position and condition of those entitled thereto and the value of the estate —due regard being always had to the practicability of the property for the use claimed. It might as well be contended that, because they could be used conveniently, the claimant of a probate or other homestead, under the laws of California, might claim a lot and residence situate on Pacific and Franklin streets, and at the same time, as pasturage for a cow might be required, ask that a lot situate at Jackson and Franklin, not in any way connected with the home, should be set apart as a portion of the same homestead.

A broad avenue, set apart and dedicated as a public street, in the incorporated town of Oakland, separates the blocks designated respectively as "A" and "B," and there is a distance of four or five blocks from these lots to the third parcel of land claimed by the petitioner.

The position of these lots as effectually prevents their being used as a homestead as if the same were situated a portion on the north side and a portion on the south side of Bush, or any other street in San Francisco.

The motion of petitioner, with respect to the setting apart of lots Nos. one (1) and four (4), in block 27, and lot No. four (4) in block No. one (1), is denied.

As to Whether Separate or Detached Parcels of land may be selected as a homestead, see the recent case of Brixius v. Reimringer, 101 Minn. 347, 118 Am. St. Rep. 629, and note, 112 N. W. 273.