[Sac. No. 569. . In Bank.—April 13, 1900.]

In the Matter of the Estate of D. Q. ADAMS, Deceased. ELIZABETH ADAMS, Respondent, v. BANK OF WOODLAND, Appellant.

ESTATES OF DECEASED PERSONS—INSOLVENT ESTATE—PROBATE HOMESTEAD—DISCRETION—LIMIT OF VALUE.—The law does not contemplate, in case of an insolvent estate, that the homestead set apart out of the separate estate of the decedent shall be sufficient in extent for the permanent support of the family, and although there is no limitation fixed by law to the value of a probate homestead not selected by the decedent, yet as an insolvent debtor cannot claim a homestead worth more than five thousand dollars against the demands of his creditors, a wise discretion should limit the value of the homestead so set apart out of his insolvent estate to that sum, where a homestead of that value can be divided from the remainder of the estate, or where the property sought to be set apart is capable of such admeasurement.

ID.—LARGE FARM USED FOR FAMILY HOME—EXCESS IN VALUE—ABUSE OF DISCRETION.—Where it appears that the estate is insolvent, and the family home was a large farm, the separate property of the deceased, comprising two hundred and fifty acres of cultivated land, and about eighty acres more of land not cultivated in the creek bottom, worth in all more than eleven thousand dollars, and the property is so situated that a portion thereof not exceeding five thousand dollars in value could be selected and set apart as a homestead, an order setting apart the whole farm as a homestead is an abuse of discretion, and must be reversed.

ID.—CORRECTNESS OF ORDER—CRITERION—CONDITION OF ESTATE AT TIME OF APPLICATION—SUBORDINATE RIGHTS OF CREDITORS—PROTECTION OF FAMILY.—In determining the correctness of an order setting apart. a homestead out of the separate estate of the decedent, the character of the estate, or its amount and condition, at the time, of the application or of the hearing thereon, and the rights of the creditors as then appearing, viewed as subordinate to the right of the family to the protection of a home, are to be considered; and an order which might have been supported at the outset of an administration may not be supported where it is clear that the estate has become insolvent.

ID.—IMMATERIAL MATTERS—MANAGEMENT OF ESTATE—FAMILY ALLOWANCE.—In determining the right to have a homestead set apart, the court should not take into consideration any benefit that the estate may have derived from the care and provision of the

widow as executrix, or any extravagance on her part in the management of the estate, or any amount previously allowed for the support of the family.

APPEAL from an order of the Superior Court of Yolo County setting apart a homestead. E. E. Gaddis, Judge.

. The facts are stated in the opinion of the court.

N. A. Hawkins, and Craig & Hawkins, for Appellant.

Hurst & Hurst, for Minor Heirs.

R. L. Simpson, and R. E. Hopkins, for Respondent.

HARRISON, J.—This appeal is from an order of the superior court made in the above-entitled estate, setting apart a homestead to the respondent, who is the widow of the deceased. Her original petition for the homestead was filed September 13, 1895, and an amended petition, upon which the hearing was had, was filed January 17, 1896. The appellant is a creditor of the estate, and filed objections to the granting of the widow's petition, and upon the issues thereby presented the court filed its findings of fact and made the order appealed from.

The court finds that the decedent died January 20, 1890, leaving a widow—the respondent herein—and four children, who are still minors and under the care and maintenance of their mother; that no homestead was selected by him or by the petitioner in his lifetime; that he left a last will and testament, in which the respondent was named as one of his executors, and that the same was admitted to probate and letters testamentary thereon issued March 17, 1890; that the whole of the real property belonging to the estate was the separate property of the deceased; that the property prayed for as a homestead was the family residence of the deceased and his family; that said tract will not more than support and maintain the petitioner and her children, and is more suitable for a homestead than any other property of the estate. An inventory of the estate of the deceased was filed April 15, 1890, and the same was then appraised at the sum of two hundred and thirty-two thousand seven hundred and thirty-two dollars. The record does not show the amount of the indebtedness at that time, but it appears that a

portion of the estate was mortgaged to the appellant, and that under a foreclosure of this mortgage about two thousand acres of the land were sold, leaving a deficiency judgment of nearly twenty-seven thousand dollars, which has not been paid. The court finds that the estate is still indebted to the appellant in the sum of about eighty thousand dollars, for which the appellant holds no security, and is indebted to another creditor in the sum of eight thousand dollars. The court does not find the value of the estate still remaining in the hands of the executrix, or whether there are any other outstanding claims against the estate, but it does find that the property of the estate, "if sold at public auction under order of this court, would not pay in full the outstanding indebtedness of said estate and the charges and expenses of administration already accrued and to accrue in the final settlement of said estate"; and at the hearing upon the petition one of the witnesses testified: "The whole estate is not worth seventy thousand dollars. If this property is set apart as a homestead to Mrs. Adams, the creditors will lose at least fifty per cent of their debts." The property set apart as a homestead consists of two hundred and fifteen acres of cultivated land and about eighty-five acres of land not cultivated in the creek bottom, and the court finds that at the time the order was made setting it apart it was of the value of eleven thousand one hundred and thirty-nine dollars and seventy cents.

It was held in *Estate of Walkerly*, 81 Cal. 579, that the provisions of the code for setting apart a homestead for the family of the deceased, when none had been selected before his death, do not contain any limitation to the value of such homestead; that the value of the homestead thus to be set apart is within the discretion of the court, and that in the exercise of this discretion it is to take into consideration the amount and condition of the estate; and that its action will not be interfered with by this court unless it appears that such discretion was abused. The rule thus declared was repeated in *Estate of Smith*, 99 Cal. 449. The question presented upon the present appeal has not, however, been heretofore considered by the court. In the Walkerly case the value of the estate above its indebtedness exceeded five hundred thousand dollars, and the estate of Smith was of the value of seventy-five thousand dollars

above all debts and expenses of administration, and in each of those cases the property set apart as a homestead was an entirety and incapable of division; whereas in the present case the estate is insolvent, and it does not appear that the property of the estate was so situated that it could not have been otherwise divided. In each of the above cases it was declared that the discretion of the court was to be exercised upon a consideration of the amount and condition of the estate.

In the exercise of its discretion as controlled by these considerations the court must also take into account the rights of creditors, and, although their rights are subordinate to the right of the family to a home, they are not to be entirely disregarded. For the purpose of adjusting these conflicting rights the provision which the law has made to afford a home for the family, and the object underlying all of the legislative provisions for a homestead, are also subjects proper to be considered by the court. The main object of the law in directing that a homestead be set apart for the surviving family out of the estate of a decedent is the same as in the provision for the selection of a homestead in his lifetime, viz., to provide it with a home in which it may have shelter from want, and protection against the greed of creditors or its own improvidence. (*Estate of Schmidt*, 94 Cal. 337; *Keyes v. Cyrus*, 100 Cal. 322; 38 Am. St. Rep. 296.)

While the home thus given to the family may be available as a source of support, the code does not direct, nor is it within the purpose of the legislation thereon, that the homestead to be set apart shall be sufficient for the permanent support of the family in case the estate is insolvent. The authority to set apart a homestead is found in section 1465 of the Code of Civil Procedure, and under that section it is to be set apart for the "use" of the family; and the provision in section 1466, limiting any additional allowance for the maintenance of the family to one year in the case of an insolvent estate, implies that, aside from the place of residence for a home which may have been set apart, the family is not entitled to "support" from an insolvent estate for more than one year from the granting of letters of administration. The family will be entitled to whatever support it may get from the homestead which the court is author-

ized to set apart, but the capacity of the homestead to support the family is not the measure of the court's authority to set it apart, or a test for the proper exercise of its discretion.

The legislature has fixed the sum of five thousand dollars as the limit in value which the debtor may claim for his home- stead against the demands of his creditors, and, while it has no fixed this limitation upon the value of a probate homestead to be set apart by the court where none was selected in the life- time of the decedent, a wise exercise of judicial discretion would limit the homestead to be so set apart to this amount in value in the case of an insolvent estate, where a homestead of this value can be divided from the remainder of the estate, or where the property sought to be set apart is capable of such admeasure- ment.

As it clearly appears from the record herein that the estate was insolvent, and that the property is so situated that a por- tion thereof not exceeding five thousand dollars in value could be selected and set apart as a homestead, it must be held that the court abused its discretion in making the order appealed from.

The correctness of the order is to be determined upon a con- sideration of the character of the estate at the time of making the application or of the hearing thereon. While the present order might have been upheld if it had been made at the outset of the administration, and it had then appeared that the estate was solvent, the reason therefor fails when the settlement of the estate and the payment of the claims against it has been de- layed until the property has so far depreciated in value that it is insufficient to meet these claims. Neither is any benefit that the estate may have derived from the care and provision of the executrix, or any extravagance in the management of the estate, or the amount previously allowed for the support of the family, an element to be considered in determining the right to have a homestead set apart. No exception seems to have been made to the granting of the order for family allowance, and whether the estate has been properly managed or not is a matter to be con- sidered by the court in passing upon the annual accounts of the executrix.

The order is reversed.

Temple, J., Van Dyke, J., Henshaw, J., Garoutte, J., and Beatty, C. J., concurred.

McFARLAND, J., dissenting.—I dissent. My views of this case are somewhat fully expressed in my opinion delivered in Department. (*Estate of Adams, infra.*) I desire to say, in addition, that it is only through the power of the court to set aside a homestead and certain personal property for the use of the widow, that wifehood gives a woman any interest whatever in the property of her husband. At common law, and in the American states where dower exists, the moment the marriage ceremony is performed the wife is vested with an estate in all the lands of her husband which he cannot take away from her by will or otherwise. But in this state marriage gives the wife no estate whatever in the property of her husband; he may dispose of the whole of it by will and leave her without a dollar. Of course, this rule does not apply to community property which is supposed to have been acquired by the joint efforts of both spouses; but with respect to the separate property of the husband our law is most illiberal to the wife. I think, therefore, that the power given the probate court to set aside to her a homestead should be liberally exercised; and I can see no just reason for holding that in the case at bar the court abused its discretion.

The following is the opinion of Mr. Justice McFarland, above referred to, rendered in Department Two, on the 1st of June, 1899:

McFARLAND, J.—This is an appeal by the Bank of Woodland, a creditor of the above-named estate, from an order setting apart a probate homestead to the widow and minor children. No person other than said appellant objects to the order. A great deal of immaterial matter is contained in the transcript and discussed in the briefs. There are really only two questions involved: 1. Had the court authority to set apart a homestead of greater value than five thousand dollars? and 2. Did the court abuse its discretion in making the order appealed from?

1. The value of the homestead, as found by the court, was eleven thousand one hundred and thirty-nine dollars and seventy

cents, and appellant contends that the order was invalid because the premises set apart were of greater value than five thousand dollars; but this contention cannot be maintained. It has been definitely settled that a court may create a probate homestead exceeding five thousand dollars in value. (*In re Walkerly*, 81 Cal. 579; *In re Schmidt*, 94 Cal. 334; *In re Smith*, 99 Cal. 449.)

2. Considering all the facts in the case, which need not here be given in detail, there is no ground for holding that the court abused its discretion in making the order appealed from. The decedent, D. Q. Adams, died in 1890, leaving an estate of the appraised value of about two hundred thousand dollars, and an indebtedness of about ninety thousand dollars. For some years after his death there was no doubt about the solvency of his estate. The property of the estate consisted mainly of land in Yolo and Fresno counties. There was one tract of land in Yolo county of three thousand nine hundred acres, on which was the family residence, and the homestead set apart by the court is on this tract and consists of two hundred and fifteen acres of arable land, on which were situated the dwelling-house, barn, outhouses, etc., together with about eighty-five acres adjoining, which consisted of gravelly creek bottom of very little, if any, value. The widow had four minor children to support; she had no means of her own; the homestead was set apart to her only for her life; and we think that the property thus set apart was no more than was reasonably sufficient for her own support and the maintenance and education of the four minor children. If the homestead had been applied for soon after the death of the decedent no plausible objection could have been offered; but, between that time and the date of the application, which was six years afterward, the business of farming became unprofitable, and the value of the lands greatly depreciated, so that when the order was made it was, at least, doubtful if the assets of the estate would be sufficient to pay all of appellant's demands which remained unsatisfied. Appellant was a large creditor of the estate, and a great part of the indebtedness of the estate to it was secured by mortgages which were foreclosed, the appellant being the purchaser at the foreclosure sales. The appellant complains that the court did not make a sufficiently

definite finding as to the insolvency of the estate at the time of the homestead order—the finding being that the remaining property, which is described, "if sold at public auction under the order of this court would not pay in full the outstanding indebtedness of said estate and the charges and expenses of administration." If findings were necessary, and the question had arisen in a case where insolvency was a material and vital issue, the finding might well be assailed for want of directness. The insolvency of an estate does not prevent a court from setting apart a probate homestead. Section 1465 of the Code of Civil Procedure, which deals with the subject, is part of a chapter devoted exclusively to "the provision for the support of the family and of the homestead," and provides that where no statutory homestead has been selected the court "must" set apart a homestead "for the use of the surviving husband or wife, and the minor children," and contains no limitation founded upon the insolvency of the estate. In *Phelan v. Smith*, 100 Cal. 165, this court said that among the objects of administration are: "1. To support the family for a period; 2. To set apart a homestead to the family," and that "setting apart a homestead is a part of the probate proceeding as much as is a family allowance"; and in *Keys v. Cyrus*, 100 Cal. 326, the court, speaking of section 1465, said: "The manifest object of this section is the support of the family, and to make provision for their support and maintenance. These demands of the family are deemed superior to those of heirs or creditors. Setting apart a homestead is a part of the probate proceedings as much as is a family allowance; 'it is a right bestowed by the beneficence of the law of this state for the benefit of the family.' (*Estate of Moore*, 57 Cal. 442.) A homestead may be set apart to the widow even though the estate be insolvent and the property so set apart constitute the entire estate of the decedent." The question of solvency or insolvency is therefore immaterial, except only as it may go to the information of the court touching the condition of the estate; and the finding in question shows that the court was sufficiently informed on that subject.

The answer of the appellant to the petition for the homestead is quite lengthy, and contains some fourteen different paragraphs; and one of the main contentions of appellant is that

the court did not find on all the issues claimed to have been raised by the answer. It has never been definitely determined by this court that findings are necessary on the decision of a motion for a probate order like the one here in question, and the intimations have rather been that they are not necessary (*In re Arguello*, 85 Cal. 152; *Miller v. Lux*, 100 Cal. 613; *In re Sanderson*, 74 Cal. 261); but, waiving that question, it is sufficient to say that the issues claimed to have been made by the answer, to which it is contended there are no findings, are of matters entirely immaterial to the determination of the petition for the homestead.

The finding of the value of the premises set apart for the homestead is fully supported by the evidence, for the opinion of certain witnesses as to value was to be considered in connection with certain facts which appeared in the testimony; and, at best, the value claimed by appellant to have been shown was only a few hundred dollars greater than that found by the court. We see no other material matters necessary to be specially noticed. The case was first tried and judgment entered setting apart the homestead, and afterward a new trial was granted on the one issue of the value of the premises, and a similar judgment was then again entered; and appellant appeals from both judgments, and from the order granting a new trial on the ground that it should have embraced all the issues. What we have said applies to all these appeals.

The judgments and orders appealed from are affirmed.