[Civil No. 4238. Filed December 23, 1940.]

[108 Pac. (2d) 559.]

LYLE K. CLARK, as Special Administrator of the Estate of J. M. (MARION) SEARS, Deceased; ELLA SEARS KAY, Administratrix With the Will Annexed of the Estate of J. M. (MARION) SEARS, Substituted, Appellants, v. ALMA GRACE SEARS, and ALMA GRACE SEARS, as Executrix of the Estate of W. P. (PERRY) SEARS, Deceased, Appellee.

Mr. Allen K. Perry and Mr. F. L. Zimmerman, for Appellants.

Messrs. Baker & Whitney, Mr. Lawrence L. Howe, and Messrs. Phillips, Holzworth & Phillips, for Appellee.

LOCKWOOD, J.—This action was originally commenced by Lyle K. Clark as special administrator of the estate of Marion Sears, deceased, and later Ella Sears Kay was substituted as administratrix. Alma Grace Sears was defendant in her individual capacity and also as executrix of the will of Perry Sears, deceased. The action was one for an accounting and to recover for an alleged conversion committed by Perry Sears and his wife, Alma Grace Sears. A motion for judgment on the pleadings was made by defendant in her capacity as executrix, on the ground that the complaint failed to show that at the time any creditor's claim had been filed in the estate of Perry Sears relating to the subject matter in controversy in the present action, which motion was duly granted, and the case came on for trial against defendant in her individual capacity. Judgment was rendered in her favor, and after a motion for new trial was denied, this appeal was taken.

The action was based on the theory that defendant and Perry Sears as individuals had misappropriated certain funds belonging to Marion Sears, for which they were responsible to his estate. This misappropriation, according to the complaint, amounted to $3,887.55. There are only two questions to be determined on this appeal, and they are, (a) does the failure to file a creditor's claim against the estate of Perry Sears bar plaintiff from maintaining an action against defendant as executrix, where it is not sought to trace the alleged trust funds misappropriated, and when the relief asked for is a money judgment, and (b) did plaintiff show by a preponderance of evidence

that defendant, in her individual capacity, actually received funds belonging to Marion Sears and converted the same to her own use. We consider these questions separately.

It is apparent from the record that plaintiff did not seek to impress a trust upon any funds in the hands of defendant as executrix, nor to earmark any part of the Perry Sears estate as consisting of the alleged misappropriated funds. The question is whether under such circumstances it was necessary to file a creditor's claim. We have had a situation almost identical in its factual and legal issues presented to us in the case of *Latham* v. *McClenny,* 36 Ariz. 337, 285 Pac. 684, 685. In that case we said:

" . . . The gist of the action is that Hoerath, as administrator, converted the trust funds of the Schoenewald estate in his hands to his own use, without authority of law. If it had been possible to follow the converted property so that the identical trust fund or its product in new form could be traced into the possession of the personal representatives of the deceased trustee, it was not necessary to present a claim against the estate of the latter, but a beneficiary of the trust who is unable to do this must present his claim against the estate for allowance. (Citing cases.)"

A somewhat similar situation had arisen previously in the case of *In re Estate of Baxter,* 22 Ariz. 91, 194 Pac. 333, 335, and we said:

"As to the second item, although it was a trust fund and not a part of the Baxter estate, we think Irish, at his option, might have regarded Baxter's and the personal representative's conduct in connection therewith as a conversion of the funds, and filed a claim against the estate as for debt, and upon its disallowance brought a civil action in the proper court to establish his claim, or he could have instituted a suit on the equity side of the court for the purpose of having the personal representative declared his trustee of

that particular fund, in which case there would have been no occasion formally to present it as a claim against the estate. He did neither of these things."

■■ In the present case, as in the Baxter case, plaintiff neither filed a claim nor brought a suit in equity. Our statute in regard to the presentation of claims was taken from California, *Lowry* v. *Crandall,* 52 Ariz. 501, 83 Pac. (2d) 1003, 120 A. L. R. 271, and the California decisions on this point are highly persuasive as to the meaning of the statute. Under similar circumstances the California cases have practically invariably upheld the rule laid down by us in *Latham* v. *McClenny, supra; Burke* v. *Maguire,* 154 Cal. 456, 98 Pac. 21; *Lathrop* v. *Bampton,* 31 Cal. 17, 89 Am. Dec. 141; *Roach* v. *Caraffa,* 85 Cal. 436, 25 Pac. 22. While it is true the California courts have held in general language in many cases that conversion is a tort, and that a claim based on a tort need not be presented, yet we know of no cases in California where the precise point involved in the present one was under consideration, which holds that a claim need not be presented, as a precedent to bringing an action against the estate. The trial court properly rendered judgment in favor of defendant as executrix of the estate of Perry Sears.

■ We consider next the question as to whether defendant was liable in her personal character. It would be of no value as a precedent to quote or even summarize the evidence. It is enough to say that it is sufficient to support a finding that regardless of whether there was any shortage in the estate of Marion Sears, defendant, in her individual capacity, never received any money belonging to him for which she failed to account properly.

The trial court rendered judgment in favor of defendant, and we must presume that it made such a

finding. Its conclusion under the circumstances is, of course, binding on us.

The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.