190 P.2d 914

In re MOORE'S ESTATE.

MOORE v. MOORE.

No. 4955.

Supreme Court of Arizona.

March 8, 1948.

Moore, Romley & Roca, of Phoenix, for appellant.

Krucker & Fowler, of Tucson, for appellee.

UDALL, Justice.

This is an appeal by Yndia S. Moore, the surviving widow of James P. Moore, deceased, from an order of the Superior Court sitting in probate, denying her petition to have set aside a "probate homestead" provided for under section 38-902, A.C.A. 1939. The matter is presented upon an agreed statement of facts, section 21-1830, which may be summarized as follows:

James P. Moore died intestate March 30, 1946, leaving him surviving his widow Yndia S. Moore, appellant here, Diane R. Moore, a minor daughter of 14 years, and James C. Moore, an adult son, appellee here. Yndia S. Moore qualified as administratrix and caused an appraisal to be returned to the Pima County Superior Court, showing total assets of the estate at $15,964.19, severally consisting of the family home in Tucson occupied by appellant and Diane R. Moore, valued at $15,-000 in gross (with a net value of $8,000 after deducting the mortgage) and personal property amounting to $964.19. All property, both real and personal, is community property.

James P. Moore, the decedent, not having selected, designated, nor recorded a homestead during his lifetime, Yndia S.

Moore filed her petition for an order selecting, designating, and setting apart a homestead for her use and for the use of Diane R. Moore, the minor child of the decedent, and, in particular, asked that the family home be so selected. Proper notice having been given, James C. Moore, the adult son and appellee here, appeared through his counsel and filed written objections to the granting of the petition. At a hearing on the petition, evidence was received showing that no homestead had been selected during the lifetime of the decedent; that the family home was indivisible (thus making impossible the selection of a part only as a homestead); and that all debts, charges, and funeral expenses had been paid. Upon the objection of James C. Moore that the court was without jurisdiction to select as a homestead property of a value in excess of $4,000, the lower court, having had the matter under advisement, entered an order on November 18, 1946, denying the petition to select a homestead. This appeal followed.

There is but one assignment of error, which reads: "The court erred in denying the petition of Yndia S. Moore for an order selecting a homestead for the reason that the probate court is without discretion to deny a petition for the selection of a probate homestead and is not bound by the value restriction imposed upon homesteads selected prior to death."

under which appellant contends that as a matter of law, first, "The provisions of Section 38-902, Arizona Code 1939, are mandatory and the Probate Court is without discretion to refuse to select, designate and set apart a homestead for the use of the spouse and minor children on petition therefor."

and, second, "Where no homestead was selected during the lifetime of the decedent, the Probate Court must select a homestead for the surviving spouse and minor children without regard to the provisions of Section 24-501, Arizona Code 1939, as to value."

Appellant's petition for an order selecting, designating, and setting apart a homestead for the use of herself and minor daughter was based upon the following statutory provision: "38-902. *Setting apart homestead.*—After the return of the inventory, the court *may* on its own motion, or on petition therefor *shall* set apart for the use of the surviving husband or wife, or, in case of his or her death, to the minor children of the decedent, all the property exempt from execution, including the homestead, selected, designated, and recorded, if such homestead was selected from the community property, or from the separate property, of the persons selecting or joining in the selection of the same. If none has been selected, designated, and recorded, or, if the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court *shall* select, designate, and set apart, and cause to be record-

ed, a homestead for the use of the surviving husband or wife, and the minor children, or if there be no surviving husband or wife, then for the use of the minor children, out of the community property, or if there be no community property, then out of the property of the decedent." (Emphasis supplied.)

The assignment and propositions of law raise but two questions for our determination: (1) does the probate court have discretion to deny a proper application for a "probate homestead"? and (2) is the probate court bound by any value limitation in selecting a "probate homestead"?

■■■■ The Arizona legislature adopted the probate homestead act, now section 38-902, A.C.A.1939, from the State of California, it first appearing as section 866, Civil Code of Arizona 1913. The statute having been taken from California, as was said in Hallenbeck v. Yuma County, 61 Ariz. 160, 145 P.2d 837, 840, " * * * The presumption is justified that the legislature in adopting a statute which had been judicially construed, adopted it with that construction in mind."

Furthermore the rule is well settled that after the adoption of a statute from another state, a construction from the courts of the original state, while not controlling upon the adopting state, is highly persuasive as to the meaning of the statute. Clark v. Sears, 56 Ariz. 404, 108 P.2d 559.

Guided by these principles let us examine the California rulings both before and after our adoption of their statute. Perhaps the rule is best stated in 11a Cal.Jur., Executors and Administrators, section 434, page 606: "Imperativeness—Discretion of Court.—The provision that the court 'must' select, designate and set apart a probate homestead under the circumstances laid down is imperative. The court has no discretion in a proper case on application therefor, to deny the right of the widow and minor children to a homestead out of the estate, although it has a discretion as to the value of the property to be set apart, depending upon the amount and condition of the estate."

Supporting this text statement are numerous cases cited in the footnotes. See particularly In re Mason's Estate, 76 Cal.App. 315, 244 P. 629; Estate of Ballentine, 45 Cal. 696; In re Estate of Davis v. Stephens, 69 Cal. 458, 10 P. 671.

■■■■ In harmony with the California holdings this court in the case of Varnes v. White, 40 Ariz. 427, 12 P.2d 870, held that it was the "imperative duty" of the probate court under section 38-902, supra, to set aside a probate homestead either on the request of interested parties or of its own motion. Certainly this statute which uses the words "shall" and "may" is mandatory in its terms. The probate court was therefore without discretion to deny an application for a "probate homestead" unless a value limitation justified such action.

■■■■ As to the second question, whether the court is bound by any value limitation

in selecting a "probate homestead", the California courts have flatly answered it in the negative. Estate of Levy, 141 Cal. 646, 75 P. 301, 99 Am.St.Rep. 92; Estate of Adams, 128 Cal. 380, 57 P. 569, 60 P. 965; In re Mason's Estate, 76 Cal.App. 315, 244 P. 629; In re Barkley's Estate, 91 Cal.App. 388, 267 P. 148. The following text statements summarize the holding of their cases, viz:

"*Value and Amount of Property to be Set Apart.*—The present and earlier statutes prescribe no limitation in value or area on a probate homestead, the rule being that the court may set apart such property as, regardless of its value, in view of the value and condition of the estate, may seem just and proper * * *" 11a Cal.Jur., sec. 454, p. 632.

"The question of value is not controlling as to a probate homestead, the object being to set apart a home in consonance with the position and condition of those entitled thereto and the value of the estate, particularly where the property can not be partitioned or divided; * * *" 11a Cal. Jur., sec. 455, p. 633. See also Bancroft Probate Practice, vol. 2, sec. 708, pp. 1265-6; Deering's California Probate Code, sec. 661, footnote 6, p. 377.

The discretion of the court as to the value of the property to be set apart as a probate homestead, as shown under the California cases, is limited to a situation where the estate consists of more than one parcel of land—and not, as here, to an outright rejection of such a petition.

Appellee attempts to sustain the trial court's ruling in denying the petition to set aside a "probate homestead" upon these grounds:

First, by stating that the only *proper* application for a "probate homestead" is one that *limits* such a homestead to a value of $4,000, as provided in sections 24-501 and 38-906, A.C.A.1939. In effect he is contending that the statutory provisions for a "probate homestead", section 38-902, must be construed as being in pari materia with section 24-501, supra, which has been a part of our law since as early as 1873, see Chapter XXXVII Compiled Laws of Arizona Territory, 1877 Code, which clearly has to do with homesteads selected during the lifetime of an individual, and sections 38-906 to 38-910, A.C.A.1939, dealing with how a homestead selected during the lifetime of decedent shall be handled during probation. This contention is fully met and answered by the California Court, under substantially similar statutory provisions, In re Walkerly's Estate, 81 Cal. 579, 22 P. 888, 889: "* * *. *We must consider the sections relating to probate homesteads, where none have been previously selected, without reference to the provisions relating to voluntary homesteads, if we hope to avoid confusion. Their provisions are entirely unlike, and are not in any way dependent upon each*

*other*. The appraisement provided for in section 1476 applies to a selected homestead, and the value is to be fixed as of the time the homestead was selected. Section 1465 does not, in itself, require any appraisement. So much of section 1476 as requires · an appraisement cannot be applied here, for the reason that it relates to a selected homestead and to an entirely different time. Under the latter section (1476) the homestead is treated as having vested at the time of its selection. Under section 1465 it is created by the order of the court. There is strong reason for holding that under one of these sections a limitation was intended, and not under the other. In one instance the selection is made by the party himself; in the other the selection and setting apart of the homestead is by the court. While it is fair to presume that the party will select a homestead of as great a value as he can, it is equally fair to presume that the court will give the family such an one as is just and proper, considering the amount and condition of the estate. Therefore in one case a limitation was necessary; in the other, it was not." (Emphasis supplied.)

Secondly, the appellee places great reliance upon two decisions of this court, viz.: Pauley v. Hadlock, 21 Ariz. 340, 188 P. 263, and Gietz v. Webster, 46 Ariz. 261, 50 P.2d 573, maintaining that these cases support his principal contention that the "probate homestead" in Arizona is limited in value to $4,000.

We quote the portion of the Pauley opinion relied upon [21 Ariz. 340, 188 P. 264]. "The wife's estate is, according to the evidence and the pleadings, now in the course of administration, and this necessarily places this forty acres of land within the jurisdiction of the court of probate, so that it, or so much thereof as may be necessary, may be sold to satisfy the indebtedness, *and also it is made in the circumstances the imperative duty of the court to carve out of it a homestead for the surviving husband and children*. So it is seen that, while the appellant can sell or dispose of his undivided one-half interest without administration, the purchaser gets a very equivocal and uncertain title. *The homestead, under our statute, to be carved out of the community property should be of a value not to exceed $4,000.* * * *"* (Emphasis supplied.)

In this case the defendant Hadlock, who was a surviving husband with a community interest in an estate consisting of 40 acres of land—burdened with $2,000 in community debts—had given Pauley an option to buy the acreage for a fixed price per acre. Both parties were apparently unaware that, no probate having been instituted or carried to a conclusion, Hadlock had title to no more than an undivided one-half interest. Pauley was denied specific performance in the lower court, but in this court for the first time sought to compel partial performance (the conveyance of Hadlock's undivided half with a proportionate abatement in the purchase price). This court

denied even partial specific performance because this matter was being raised for the first time on appeal. Furthermore the court determined that such relief would be harmful to the undivided one-half interest of the minor children; that Hadlock was guilty of no misconduct or fraud; and that Pauley knew that Hadlock couldn't convey when the action was begun. It is apparent from an analysis of this case that the matter of a "probate homestead" was not directly involved, hence the above quoted excerpt from the opinion, both as to the setting aside of a homestead being "imperative" and that the value "should not exceed $4,000", was nothing more than speculative dictum, and hence it is not a binding precedent to be followed.

The Gietz case does not cite the Pauley opinion, contains no language having the slightest relation to the question of value of a probate homestead, and holds only that section 3101 of the 1928 Code, now section 73-506, A.C.A.1939, which exempts homesteads from the lien of taxes other than those on such homesteads, should be construed with the statutes providing for the creation of homesteads. The precise holding is that a homestead declared after a tax lien has attached remains subject to such lien, notwithstanding the provisions of section 73-506, supra. The decision in this case in nowise sustains appellee's contention.

The "probate homestead" statute is a remedial measure and should be liberally construed. The legislature not having fixed a specified limitation as to its value, it would be nothing short of judicial legislation for us to do so.

Apparently up to now the great majority of both the bench and bar of this state has considered that the $4,000 limitation of value prescribed for homesteads selected during lifetime also governed as to "probate homesteads". The members of this court believe that it would not be inappropriate to call the attention of the legislative department to the fact that by its adoption of 38-902, supra, much greater liberality is granted—in selecting homesteads—to those who may defer the exercise of such right until an estate is being probated, than to parties who declare a homestead during their lifetime. Where, as here, practically the whole estate consists of a single indivisible tract the court has no discretion but to set it aside irrespective of whether it be worth $1,000 or $100,000. It is not difficult to envision situations where the mandatory setting aside of a costly mansion or an extremely valuable indivisible parcel of realty might work a grave injustice on others interested in an estate.

The order denying appellant's petition for a homestead is set aside and the matter remanded to the lower court for further proceedings not inconsistent with this opinion.

STANFORD, C. J., and LaPRADE, J., concurring.