211 P.2d 410

## In re KENNEDY'S ESTATE.

No. 7563.

Supreme Court of Idaho.

Nov. 8, 1949.

48

J. H. Felton, Lewiston, William J. Jones, Lewiston, for appellant.

V. R. Clements, Lewiston, for respondent.

Thomas A. Madden, Lewiston, for executor.

GIVENS, Justice.

James A. Kennedy died testate, devising $50.00 to his widow, hereinafter referred to as respondent, from whom he had been intermittently separated during the latter part of his life; the balance and residue of his estate to a daughter by a former marriage, hereinafter referred to as appellant.

The estate was appraised at $23,455.05, including the real estate subsequently set aside by the District Court as a homestead to the widow, appraised at $16,875.00. No

objections having been interposed, the appraisement was approved in compliance with Sec. 14-420, I.C., by the probate court, Thereafter respondent filed objections to the appraised values and petitioned for a homestead under Sec. 15-502, I.C., none having been selected theretofore.

The probate court struck the objections to the appraisement, and denied the petition for a homestead; thereupon respondent appealed to the District Court, which, upon trial, fixed the value of the property it set aside as a homestead as $4,750.00, instead of $16,875.00 previously fixed by the probate appraisers; and affirmed the probate court's allowance of $100 per month as the widow's allowance during administration.

The present appeal challenges such decree on various grounds, one of which is determinative of the case.

Appellant contends the probate homestead authorized by Sec. 15-502, I.C., may not exceed $5,000 in value; respondent, to the contrary.

California, under a statute practically identical with Sec. 15-502, I.C., beginning with In re Walkerly's Estate, 81 Cal. 579, 22 P. 888, has consistently held a probate homestead may be selected of more than $5,000 value. Smith v. Smith, 99 Cal. 449, 34 P. 77; In re Barkley's Estate, 91 Cal. App. 388, 267 P. 148.

Montana, noting the California cases, adopted a contrary view, In re Trepp's Estate, 71 Mont. 154, 227 P. 1005, based in part upon two statutory provisions Montana has and which neither California nor we have. Sec. 10145 of the Montana Code, corresponding with our Sec. 15-502, I.C., provides that the probate homestead is to be selected in the manner provided for in their Sections 10151 to 10157, corresponding with our Sections 15-508 and 15-511, I.C.; likewise, Section 8776 of their Rev. Codes of 1921 provides: "Whenever the meaning of a word or phrase is defined in any part of this code, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears."

Arizona has followed California. In re Moore's Estate, 67 Ariz. 65, 190 P.2d 914.

Appellant urges that Estate of McVay, 14 Idaho 64, 93 P. 28, 33, is decisive of this question in that the opinion on rehearing, stating what was necessary in a petition to have a probate homestead set apart, enumerated among other essentials that the property sought as a homestead did not exceed $5,000. While this opinion may have been considered over the years as so limiting a probate homestead, a careful review of the record in the case discloses that point was not at issue and was not presented, urged or discussed in the briefs; furthermore, it is not certain whether or not the views so expressed were those of the majority or only the writer of the opinion on rehearing: "In this conclusion of the majority of the court, (that the petition was sufficient) the writer of

this opinion cannot concur." The value of the property sought as a probate homestead was fixed, in the amended petition to set apart a homestead, at $4,792—thus within the $5,000 limitation, and evidently without dispute; hence, there was no occasion to decide whether or not such limitation was vital.

The first session of the Idaho Territorial Legislature adjourning in 1864, authorized probate homesteads by Section 123 of the Probate Practice Act: "Upon the return of the inventory, or at any subsequent time during the administration, the court or probate judge, may, of his own motion, or on application, set apart for the use of the family of the deceased, all personal property which is by law exempt from execution, and the homestead, as designated by the general homestead law, or by section one hundred and twenty-six of this act." 1864 S.L., p. 348.

This statute purportedly made it optional to select a homestead as designated by the General Homestead law, page 575, 1864 S.L., or Section 126 of the Probate Practice Act: " * * * Fifth. The homestead, consisting of any quantity of land not exceeding twenty acres and the dwelling house thereon, with its appurtenances— not being included in any incorporated town or city; or, instead thereof a quantity of land, not exceeding one lot, in any incorporated town or city, and the dwelling house thereon and its appurtenances—to be selected by the widow, or, if there be no widow, to be designated by the probate judge, and not to exceed, in any case, more than three thousand dollars in value." 1864 S.L., pp. 348, 349.

The General Homestead Act authorized by the same session of the Legislature and referred to in Sec. 123, supra, was limited to a like valuation of $3,000.00.

The same provision as to a probate homestead appears in the 8th Session compilation of the 1874 and 1875 Laws at page 262, but the value of the general homestead was evidently increased to $5,000.00, page 627. The General Homestead was thus, and by the Revised Statutes, Section 3058, limited to $5,000. In any event, until 1874–75, both homesteads were, by statute, limited to $3,000; then in 1887, though there had been previous limitation upon the probate homestead, it was not continued and the general homestead was raised in 1874–75 to $5,000.

Coughanour v. Hoffman's Estate, 2 Idaho, Hasb., 290, 13 P. 231, discussed the statutes as they are contained in the 1874–75 compilation, but does not touch upon the present point.

Our probate homestead statute in its present form, adopted in 1887, is identical in form with that construed by California in Re Walkerly's Estate, supra, 22 P. at page 889. The decision, however, being after we had adopted the statute, does not make applicable the rule that where a statute is adopted from another

state, the Legislature intended to adopt with the statute the construction placed thereon by the highest courts of the donor state.

The Montana statute construed in Re Trepp's Estate, supra, apparently was adopted by Montana in 1877 and, therefore, was in effect when we adopted our present statute and we did not adopt or incorporate in our statute the procedural provisions therein made applicable to the selection of both kinds of homesteads. It would seem, therefore, under the rule of statutory construction, the Legislature by altering a statute intends to change the meaning, would apply, and since previously there had been a limitation upon the value of a probate homestead and that after 1887 there was none, the Legislature did not intend any limitation. While the argument for uniformity of value of both kinds of homesteads is strong, the Legislature made a definite change and such change cannot be ignored. It being a matter of statutory construction, it would seem the controlling rule would be that the Legislature intended, by the adoption of our present statute, to place no limit on the probate homestead. The courts, however, have recognized that the court may exercise a considered discretion in setting aside a probate homestead, though the statute makes no restriction as to value. Setting aside as the homestead all the home place as not divisible, was not an abuse of discretion. Adams v. Bank of Woodland, 128 Cal. 380,

57 P. 569, 60 P. 965; In re Moore's Estate, 67 Ariz. 65, 190 P.2d 914, supra.

The last inventory of the estate showed some $10,461.71 over and above the real estate granted as a homestead. It all being community property and half being subject to the deceased's testamentary disposition, the result would be decedent's half, less the Fifty Dollars devised to the widow and the $100 per month widow's allowance during administration, would go to the daughter.

The judgment is, therefore, affirmed. Costs to respondent.

HOLDEN, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.