73 Ariz. 179 (1951)
239 P.2d 365
In re GRAHAM'S ESTATE.
GRAHAM
v.
MAXWELL et al.
No. 5426.
Supreme Court of Arizona.
December 24, 1951.
*180 Clarence O. Fehling, Eli Gorodezky, and Andrew L. Bettwy, all of Phoenix, for appellant.
Fred V. Moore, of Phoenix, for appellees.
DE CONCINI, Justice.
This is an appeal from an order of the trial court refusing to set aside, under the provisions of section 38-902, A.C.A. 1939, a probate homestead to Sadie R. Graham, widow of Charles Edward Graham, deceased. The facts of the case show the following:
*181 Prior to September, 1947, Sadie Graham, appellant, and her husband were residents of the state of Washington. The property in Arizona which was attempted to be set aside as a homestead was purchased about six months before the Grahams moved to Arizona. At the time they came to Arizona they brought their household furnishings and personal property with them. There was still some property of the value of approximately $3,000 in Washington. The husband died intestate in October, 1949, after having lived in Arizona for two years.
Mrs. Graham, shortly after the death of her husband, returned to Washington and instituted probate proceedings in the courts of that state. She filed a petition asking that she be appointed administratrix. In this verified petition she set out the following:
"That Charles E. Graham died in Cactus in the County of Maricopa, State of Arizona, on the first day of October, 1949, and that he was at the time of his death a resident of Port Orchard, in the County of Kitsap, in the State of Washington, and left estate in Kitsap County, Washington, the probable value of which is: Real Property $2750, Personal Property $250.00 * * *.

* * * * * *
"That your petitioner is the widow and surviving spouse of said deceased, and therefore is entitled to have Letters of Administration of said estate issued to Sadie R. Graham, who is a resident of the State of Washington, and a fit and proper person to administer upon said estate."
She was appointed administratrix and disposed of the estate that remained in the state of Washington.
Appellant's son instituted probate proceedings in Maricopa county, Arizona, and asked that he be appointed administrator. After appraisal and inventory, and while appellant was in Washington, she filed a "Petition for Decree Setting Aside Homestead" but did not allege she was a resident of Arizona. Charles I. Maxwell and Beatrice E. Maxwell, secured creditors, contested the petition. Two separate hearings were held by the trial court and after both, the petition was denied. The only evidence presented by the appellees at either hearing was certain exhibits showing the various papers filed by appellant in the Washington probate. Appellant took the stand and testified as to the change in residence from Washington to Arizona.
Appellant makes one lengthy assignment of error which, when reduced of its redundancy, is as follows: The court erred in denying appellant's request to set aside a probate homestead to her, because the evidence conclusively shows that appellant and her deceased husband were residents of Arizona.
The first question we would like to discuss is that of homesteads generally. From the assignment and especially in their argument, counsel for appellant seem to *182 believe that property can become impressed with a homestead simply by the intention of the owners. They say in the assignment "and continuously occupied and claimed the said property as their homestead for a period of approximately two years * *". Again, in their proposition of law, they state "a homestead, established, occupied and continued in Arizona during the lifetime of the husband * * *." There is no testimony that any homestead was perfected prior to the death of the husband. Section 24-502, A.C.A. 1939, states the one method by which such a homestead can be established before death. See also First National Bank of Mesa v. Reeves, 27 Ariz. 508, 234 P. 556; MacRae v. MacRae, 37 Ariz. 307, 294 P. 280.
Appellant also argues although does not raise it in her assignment of error that a nonresident may have the benefit of a probate homestead. This court has repeatedly held that counsel's argument based on faulty assignments of error will not be considered. Thornburg v. Frye, 44 Ariz. 282, 36 P.2d 548; Tidwell v. Riggs, 70 Ariz. 417, 222 P.2d 795. Nevertheless this court thinks a pronouncement on that issue would be a benefit to the bar and the courts of this state. 26 Am.Jur., Homestead, sec. 175, p. 110, states: "The right which the homestead law secures to the surviving spouse and children is for the benefit of residents of the state; it may not be claimed by a nonresident or by the widow of a nonresident. A widow or orphan must be a resident of the state at the time of the decease of the husband or father in order to obtain the benefit of the homestead law. * * *." See 40 C.J.S., Homesteads, § 243 c., p. 730, citing Prater v. Prater, 87 Tenn. 78, 9 S.W. 361: "A homestead right in favor of the widow generally does not exist where the husband was a nonresident of the state, and, under some statutes, also where she was a nonresident at the time of his death."
We hold that "Homestead laws exist for the benefit of residents of the state, whether entitled to political and civil rights of citizenship or not. A non-resident cannot claim the exemption, unless the statute clearly bestows the right upon him. * *" 21 Cyc., Homesteads, page 470.
The only question remaining to be answered on this appeal is whether appellant was a resident of Arizona at the time of her petition to set aside the probate homestead to her.
The sum total of appellees' evidence consisted of the various exhibits from the Washington probate proceedings, wherein the appellant stated, under oath, that she and her deceased husband were residents of that state.
While such papers were properly in evidence, as the early part of this opinion shows, they do not have the conclusive effect that appellees urge upon us. Certainly however, as statements made under oath, it is proper to consider them as strong evidence. *183 As was said by Chief Justice Lockwood, in Hiatt v. Lee, 48 Ariz. 320, 61 P.2d 401, 404, 107 A.L.R. 444: "It is true that it would seem to the ordinary mind that the only reason why such an affidavit was not conclusive on the question of evidence is that affiant either did not know that he was making oath that he was a resident of the state where he registered, or that he deliberately perjured himself. The first alternative would require a degree of stupidity far beyond the ordinary, while the second would, of course, show a deliberate intention to commit a felony. Yet either may possibly be true, for we know such things have happened, and apparently the trial court must have believed in this case one of them was true. * * *."
In the case under consideration, there was no explanation by the appellant as to why she made the statements in the Washington proceeding. Counsel attempted to bring this out, but the appellees objected to the questions. The trial court sustained those objections. It is not necessary to pass upon that as the matter was not presented in accordance with Rule X, of the Rules of the Supreme Court, in that it was not assigned as error with the reasons therefor. Thornburg v. Frye, Tidwell v. Riggs, supra. Meyer v. Killingsworth, 73 Ariz. 143, 238 P.2d 1097.
The evidence on behalf of appellant being a resident of the state of Arizona consisted of her sworn testimony that she and her husband had been residents of Maricopa county for two years and one month before the death of her husband, and that at the time of her sworn statement to the contrary, in the Washington probate court, she was not a resident of the state of Washington.
The question simply resolves itself down to the proposition of whether there was sufficient evidence to sustain the trial court's order. Remembering our oft-repeated rule "* * * that where there is a conflict in the evidence we will not disturb the findings of the trial court if there is any reasonable evidence in the record to sustain it", Chester v. Chester, 69 Ariz. 104, 210 P.2d 331, 333, we hold that there was sufficient evidence to sustain the trial court's order in the instant case. See also State Tax Commissioner of Arizona v. United Verde Extension Min. Co., 39 Ariz. 136, 4 P.2d 395, 396, where we said: "* * we must remember that the cardinal rule of this court, adhered to without exception for many years, is that, where the evidence is in conflict, we will not substitute our opinion thereof for that of the trial court. [Citing cases.] And, if any reasonable evidence supporting such judgment appears in the record, the judgment will be sustained. [Citing cases.]" And the late case of Valley Nat. Bank of Phoenix v. Carrow, 71 Ariz. 87, 223 P.2d 912.
Order affirmed.
*184 PHELPS and LA PRADE, JJ., concur.
UDALL, Chief Justice (dissenting).
I am in accord with that portion of the majority opinion  though it is probably dicta  which holds that a probate homestead does not exist in favor of a nonresident. I dissent, however, from affirming the order denying the widow a homestead. This for the reason  as I shall attempt to show  that the matter was tried in the lower court as well as presented here upon a theory different from that on which it is now being determined. Our latest holding is that a case will not be reviewed on a theory different from that on which it was tried. Huish v. Lopez, 70 Ariz. 201, 218 P.2d 727.
The basis for this court's decision is the "conflict of evidence rule, while the matter was actually tried upon the theory of "estoppel". In proof of that let us look at the record. In the creditors' (appellees') brief this is made crystal clear, and we quote:
"* * * then this Court is bound by the findings of the Washington Court to the effect that Charles E. Graham and Sadie R. Graham were residents of Kitsap County, Washington, at the time of the death of Charles E. Graham in this proceeding brought in the Superior Court of Maricopa County, Arizona, wherein the same issue of residence was attempted to be controverted by Sadie R. Graham.
"This conclusion is predicated upon the theory of estoppel. * * *" (Emphasis supplied.)
It seems obvious from the rulings of the trial court  as hereinafter referred to  that counsel for appellees succeeded in convincing the lower court that judicial estoppel applied. As no mention is made of estoppel in the majority opinion, I construe this as an implied admission upon their part that the order of the lower court cannot be sustained upon such a theory.
In a puerile effort to bolster its opinion the majority state that the widow "did not allege she was a resident of Arizona" in her petition for this probate homestead. While it is true that these specific words do not appear in the petition, yet when she alleged therein "that Charles Edward Graham was a resident of Maricopa County, Arizona, at the time of his death" its legal effect was to allege that she was a resident of the state, for it is hornbook law that, except where a wife is living apart from husband, she has the same domicile as that of her husband. Section 27 of the Restatement of the Law, of Conflict of Laws.
The widow's oral testimony to the effect that they were bona fide residents of Arizona stands unchallenged except for her verified petition in Washington which is set forth in the court's opinion. Counsel for the widow repeatedly attempted to elicit from her the circumstances surrounding the signing of this petition and whether the *185 statements appearing therein were true, viz.; that she and her husband at the time of his death were residents of the state of Washington. The court, imbued with the theory of judicial estoppel, each time sustained objections by opposing counsel upon the ground that the Washington records could not be impeached, the record being the best evidence. Had the trial court proceeded upon the theory that the admissions in the petition were not conclusive but only contradictory then the court's rulings were grievously in error as the authorities are uniform that such written declarations may be contradicted and are always open to explanation. See, 10 Cal.Jur., Evidence, Sec. 321, page 1081 et seq.; 20 Am.Jur., Evidence, Sec. 630; Annotations appearing in 14 A.L.R. 75 and 90 A.L.R. 1409. As I read the majority opinion it is in effect admitted that this latter is the correct rule but the court holds the widow is not entitled to raise the point because her counsel has failed on appeal to assign these rulings as error. Had the case been tried on the theory upon which it is now being decided I would readily concede that this argument was sound. However, invoking this technicality under the circumstances here shown does not comport with my idea of justice. A statement from the Supreme Court of Oklahoma quoted in State v. Coursey, 71 Ariz. 227, 237, 225 P.2d 713, 719, seems apropos: "`A technicality is a microbe which gets into the procedure of the law and gives justice the blind staggers.'"
The Probate Code, section 38-902, A.C.A. 1939, expressly provides for setting apart a homestead as to the surviving widow, either upon the court's own motion or on petition. We have repeatedly held that the probate homestead statute is a remedial measure and should be liberally construed; further that it is a most valuable right and the court has no discretion to deny a proper application by a widow for such a homestead, which incidentally is not limited as to value. See, in Re Moore's Estate, 67 Ariz. 65, 190 P.2d 914.
Our statutes provide that on appeal "The Supreme Court may affirm, reverse, or modify any judgment or order appealed from, * * * or may direct that a new trial or other proceedings be had, as justice may require, * * *." (Emp. sup.) Section 21-1832, A.C.A. 1939.
Inasmuch, therefore, as I believe the case has been decided on a theory different from that on which it was tried in the lower court  and on which it was submitted to this court  I would set aside the order denying the widow a homestead and send the matter back to the trial court for a determination of the question of residence. As I see it this issue, as yet, has neither been tried nor determined. If in truth and in fact the widow and her deceased husband are found to be residents of the state of Washington her application should be denied, and on the other hand if they were bona fide residents of Arizona at the time of his death then her petition for a probate homestead should be granted.
*186 STANFORD, Justice (dissenting).
I am especially dissenting because I believe that, notwithstanding the record that has been introduced in this case showing that the wife of deceased did sign a petition for letters of administration in the state of Washington, claiming that state as her residence, she had made Arizona her home since the time she and her husband moved here.
Mrs. Graham's testimony in the trial court in Maricopa county shows:
"Mr. Fehling: Mrs. Graham, at the time of the probating of the estate in the State of Washington, that is, the estate of Charles E. Graham, in the State of Washington, were you as a matter of fact a resident of the State of Washington regardless of what the record  A. I was not."
Technically the majority opinion is correct, but if we are seeking to do justice on the facts as they are, the opinion is wrong.