607 P.2d 970

**In the Matter of the ESTATE of John W. BUHLER, Deceased.**

**Alice Ida BUHLER, Appellant,**

v.

**William R. ADKINS, Personal Representative of the Estate of John W. Buhler, Deceased, Appellee.**

**No. 1 CA–CIV 4242.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 18, 1979.

Rehearing Denied Oct. 22, 1979.

Review Granted Nov. 14, 1979.

Courts otherwise competent." *Kenney v. Supreme Lodge of the World, Order of Moose,* 252 U.S. 411, 40 S.Ct. 371, 372, 64 L.Ed. 638 (1920).

94

Boyle, Brown, Eaton & Pecharich by William Lee Eaton, Prescott, for appellant.

Favour & Quail, P. A., by John M. Favour, Mark M. Moore, Prescott, for appellee.

## OPINION

FROEB, Judge.

Appellant Alice Ida Buhler married John W. Buhler on April 3, 1977. On April 16, 1977, appellant returned to her home in England. From there she wrote Mr. Buhler and informed him that their marriage had been a mistake and that she intended to use her former name in England. At the same time appellant informed a niece living in the United States that she intended to remain in England and resume her former life. Mr. Buhler filed for dissolution of the marriage in Arizona, but died before the dissolution became final. In a *pro per* response to the dissolution petition, appellant stated: "I have never at any time (nor do I now) advance any claim or pecuniary interest in his property or effects." Nevertheless, she subsequently filed, in connection with the probate of Mr. Buhler's will, a petition for allowance of claim in the amount of $15,500.00 pursuant to A.R.S. §§ 14–2401, 2402, and 2403.[1] The claim was

---

1. § 14–2401. Allowance in lieu of homestead

A surviving spouse of a decedent who was domiciled in this state is entitled to an allowance of six thousand dollars. If there is no surviving spouse, each dependent child of the decedent is entitled to an allowance of six thousand dollars divided by the number of dependent children of the decedent. The allowance provided in this section is in lieu of any homestead exemption the decedent may have had during lifetime under § 33–1101. The allowance provided in this section is exempt from and has priority over all claims against the estate except expenses of administration. The allowance is in addition to any share passing to the surviving spouse or child by intestate succession, but is chargeable against any share passing by the will of the decedent unless the will provides otherwise. As amended Laws 1976, Ch. 92, § 3.

§ 14–2402. Exempt property

In addition to the allowance in lieu of homestead the surviving spouse of a decedent who was domiciled in this state is entitled from the estate to value not exceeding three thousand five hundred dollars in excess of any security interests therein in household furniture, automobiles, furnishings, appliances and personal effects. If there is no surviving spouse, dependent children of the decedent are entitled jointly to the same value. If encumbered chattels are selected and if the value in excess of security interests, plus that of other exempt property, is less than three thousand five hundred dollars, or if there is not three thousand five hundred dollars worth of exempt property in the estate, the spouse or children are entitled to other assets of the estate, if any, to the extent necessary to make up the three thousand five hundred dollar value. Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, except the expenses of administration, but the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of allowance in lieu of homestead and family allowance. These rights are in addition to any benefit or share passing to the surviving spouse or children by intestate succession, but is [are] chargeable against any share passing by the will of the decedent unless the will provides otherwise. As amended Laws 1976, Ch. 92, § 4.

§ 14–2403. Family allowance

A. In addition to the right to the allowance in lieu of homestead and exempt property, if the decedent was domiciled in this state, the surviving spouse and dependent children are entitled to a reasonable allowance in money out of the estate for their maintenance during the period of administration, which allowance may not continue for longer than one year if the estate is inadequate to discharge allowed claims. The allowance may be paid as a lump sum or in periodic installments. It is payable to the surviving spouse, for the use of the surviving spouse and dependent children. If the spouse is not living the allowance is payable to the children or persons having their care and custody. In case any dependent child is not living with the surviving spouse, the allowance may be made partially to the child or his guardian or other person having his care and custody, and partially to the spouse, as their needs may appear. The family allowance is exempt from and has priority over all claims except expenses of administration, but not over the allowance in lieu of homestead.

B. The family allowance is not chargeable against any benefit or share passing to the surviving spouse or children by intestate succession, but is chargeable against any share

denied by appellee, the personal representative of the estate of John Buhler.

Following a hearing and the submission of evidence and memoranda, the trial court entered a partial final judgment denying the appellant's claim.

The personal representative maintained that appellant was not entitled to either the homestead or the exempt property allowance in A.R.S. §§ 14–2401 and 2402 due to the fact that she was not a resident of Arizona when her claim was filed. In regard to the family allowance in A.R.S. § 14–2403, the personal representative maintained that appellant was not dependent upon the deceased and that the reasonable amount of such allowance should be zero.

■ We first consider appellant's argument that as the surviving spouse of the deceased domiciliary she is entitled to the homestead and exempt property allowances in A.R.S. §§ 14–2401 and 2402 notwithstanding the fact that she is a nonresident.

The mainstay of appellee's position against these allowances is *In re Graham's Estate,* 73 Ariz. 179, 239 P.2d 365 (1951) in which the Arizona Supreme Court held that a surviving spouse must be a resident of Arizona at the time of filing her petition to set aside a probate homestead. In reaching its conclusion, the court construed § 38–902 A.C.A., 1939, the probate homestead provision then in effect,[2] and held, quoting 21 Cyc., Homesteads, p. 470: "Homestead laws exist for the benefit of residents of the state . . .. A non-resident cannot claim the exemption, unless the statute

clearly bestows the right upon him." 73 Ariz. at 182, 239 P.2d at 367.

The key question before us is the extent to which the *Graham* decision operates as precedent in construing the provisions of the new probate code. If *Graham* does not bind us, we have little difficulty in accepting the argument that A.R.S. §§ 14–2401 and 14–2402 apply to nonresident as well as resident surviving spouses.

The *Graham* case is grounded upon public policy underlying the then existing probate homestead law; it does not purport to be supported by any express language contained in § 38–902 A.C.A., 1939.

Although it is true that the new probate code was a comprehensive change in the probate laws in Arizona when it became effective January 1, 1974, there is no indication from any of its provisions brought to our attention that the policy announced in the *Graham* case has been changed by the legislature. The language of A.R.S. §§ 14–2401 and 14–2402 gives no more reason to declare in this case that the code's benefits are applicable to nonresident surviving spouses than did the language of § 38–902 A.C.A., 1939, give reason to declare in *Graham* that they were not applicable. Thus, in keeping with our duty to follow precedent, we apply the holding of *Graham* to these new probate provisions until construed to the contrary by the Arizona Supreme Court.

We would think otherwise if *Graham* depended upon the specific language of § 38–902 A.C.A., 1939, not found in A.R.S. § 14–2401 and A.R.S. § 14–2402. The fact

passing by the will of the decedent unless the will provides otherwise. The death of any person entitled to family allowance terminates his right to allowances not paid. As amended Laws 1976, Ch. 92, § 5.

**2.** § 38–902 A.C.A., 1939, provided:

Setting apart homestead—After the return of the inventory, the court may on its own motion, or on petition therefor shall set apart for the use of the surviving husband or wife, or, in case of his or her death, to the minor children of the decedent, all the property exempt from execution, including the homestead, selected, designated, and recorded, if such homestead was selected from the community property, or

from the separate property, of the persons selecting or joining in the selection of the same. If none has been selected, designated, and recorded, or if the homestead was selected by the survivor out of the separate property of the decedent, the decedent not having joined therein, the court shall select, designate, and set apart, and cause to be recorded, a homestead for the use of the surviving husband or wife, and the minor children, or if there be no surviving husband or wife, then for the use of the minor children, out of the community property, or if there be no community property, then out of the property of the decedent.

that the new sections require the *decedent* to have been a domiciliary or the fact that A.R.S. § 14–2401 provides for a monetary allowance in lieu of the homestead exemption does not suggest a policy different from that announced in *Graham*. The new provisions serve the same fundamental purpose as the old, namely, to allow the surviving spouse a portion of estate property exempt from claims against the estate. The mere fact that the new provisions include certain revisions of old provisions does not offer us a sound reason to hold that *Graham* is inapplicable. Moreover, new probate code § 14–1103 lends further support for this view because it states: "Unless displaced by the particular provisions of this title, the principles of law and equity supplement its provisions."

We turn next to the issue concerning the denials by the trial court of a family allowance pursuant to A.R.S. § 14–2403 (see footnote 1).

■ A.R.S. § 14–2403 gives the court discretion to grant a family allowance. Thus, we need not reach the question of residency of the surviving spouse in connection with the family allowance pursuant to A.R.S. § 14–2403 because the evidence supports a conclusion that no monies were required as a "reasonable allowance" to maintain appellant during administration. Both before appellant's brief marriage to the decedent and after her return to England, she was financially independent, receiving pension and investment income. She continued to receive these monies during these proceedings. Under these facts, we cannot say that the trial court abused its discretion in denying the family allowance claim. *See Estate of Nolan*, 56 Ariz. 361, 108 P.2d 388 (1940).

Judgment is affirmed.

EUBANK, P. J., Department C, concurs.

HAIRE, Judge, dissenting in part, concurring in part.

Because I cannot agree with the majority that *In re Graham's Estate*, 73 Ariz. 179, 239 P.2d 365 (1951) constitutes binding authority concerning the statutory construction issue presented on this appeal, I dissent.

The only facts pertinent to a resolution of the statutory construction issue presented on this appeal are that decedent, a domiciliary of this state at the time of his death, left a surviving spouse, who was neither a domiciliary nor a resident of this state. Facts set forth in the majority opinion relating to pending dissolution proceedings and the equities relating thereto are manifestly immaterial in view of the provisions of A.R.S. § 14–2802. That statute clearly sets forth the circumstances under which dissolution proceedings function to preclude the status of "surviving spouse" for the purposes of A.R.S. §§ 14–2401, 14–2402 and 14–2403. None of those circumstances are presented here.

Leaving aside for a moment the question of whether the disposition in this case is governed by the Arizona Supreme Court's opinion in *Graham, supra,* there is simply no canon of statutory construction or of logic that would support a holding that §§ 14–2401, 2402 and 2403 require that the "surviving spouse" or "dependent children" referred to therein must be residents of this state. On the contrary, the statutes clearly do not prescribe such a requirement. Were such a requirement intended it would have been a simple matter to insert appropriate language as was done with reference to the decedent (§ 14–2401, "A surviving spouse of a decedent who was domiciled in this state . . .."), (A.R.S. § 14–2402, ". . . the surviving spouse of a decedent who was domiciled in this state . . .."), (A.R.S. § 14–2403, ". . . if the decedent was domiciled in this state, the surviving spouse and dependent children are entitled . . .."). Applying the canon of construction "expressio unius est exclusio alterius", the conclusion is inescapable that the legislature, having expressly prescribed the residential requirement for the decedent, but not for the surviving spouse and dependent children, did not intend that there be such a requirement.

Certainly there are sound policy reasons for all states to limit their homestead, support allowance and exempt property provisions of their probate codes so that they apply only to estates of decedents who were domiciliaries of the state at the time of death. By doing so, these statutory allowance provisions meet the felt necessity of providing some protection to the surviving spouse and dependent children against disinheritance and the rights of creditors, while at the same time guarding against the duplication of these allowances, since they can only be made in the state in which the decedent was domiciled. With this protection against duplication, the surviving spouse and dependent children are assured of getting the full benefit of the allowances provided by statute regardless of their residence, while at the same time the estate is not burdened with a multiplicity of overlapping claims for statutory allowances when proceedings are pending in various states.

Considering now the Arizona Supreme Court's prior decision in *Graham, supra,* it is my opinion that it simply does not provide a binding precedent governing the question presented on this appeal. In arriving at this conclusion, I am very much aware of this Court's position as an intermediate appellate court, bound to follow precedent established by our state's highest court. *McKay v. Industrial Commission,* 103 Ariz. 191, 438 P.2d 757 (1968). With the foregoing in mind, my initial observation is that, at the most, the language in *Graham* relied upon by the majority is dicta. But, dicta considerations aside and accepting that language as the holding of the case, the holding still does not provide binding precedent for the interpretation of the statutory provisions here involved.

While the opinion in *Graham* does not refer to or consider the specific language of the statute, it does purport to involve the construction of former § 38–902, Arizona Code Annotated, 1939. The full text of that former statute is quoted in footnote 2 of the majority opinion. A comparison shows that there is little similarity between its language and the language used in A.R.S. §§ 14–2401, 2402 and 2403, apart from the fact that to some extent they deal with similar subjects.[1] Former § 38–902 is completely silent as to the imposition of residential prerequisites. If A.R.S. § 14–2401, *et seq.,* were likewise silent, perhaps *Graham* might arguably have some pertinency. But, as we have noted, these statutes are not silent. They expressly advert to residency and make it a requirement only on the part of the decedent. I have previously set forth my analysis relating to the proper interpretation of these statutory provisions. At this point, I can only add that these sections were enacted as part of a comprehensive revision of our probate laws, based upon the Uniform Probate Code.[2] As a part of that revision, our legislature also enacted A.R.S. § 14–1102, which mandates that the probate code "be liberally construed and applied to promote [the code's] underlying purposes and policies." One of the statutory specified "underlying purposes and policies" is "To make uniform the law among the various jurisdictions." A.R.S. § 14–1102B(5). The construction I urge today is in accordance with the plain language of these statutory provisions, and thus in accordance with that uniformity objective.

The particular facts presented in this appeal can certainly be viewed as presenting persuasive "equities" justifying affirmance. However, the precedent we establish goes further than this case. It will apply equally in the future to fact situations in which the perceived "equities" would appear to demand the granting of the allowances provided by the statutes, e. g., in situations

---

1. *Graham* and former § 38–902, A.C.A., 1939, dealt with setting aside a parcel of real property located in Arizona as a "probate homestead," whereas present A.R.S. § 14–2401 does not contemplate the setting aside of real property located in Arizona, but rather an "allowance in lieu of homestead."

2. A.R.S. §§ 14–2401, 14–2402, and 14–2403 are essentially identical to §§ 2–401, 2–402, and 2–403 respectively of the Uniform Probate Code. A.R.S. § 14–2802 is essentially identical to § 2–802 of the Uniform Probate Code.

where impecunious minor children are non-residents living with a divorced parent, dependent upon the decedent for support. Therefore, we should not allow the "hard facts" presented in this appeal to dissuade us from an objective interpretation of the statutory language.

For the foregoing reasons I dissent and would reverse the trial court's rejection of the surviving spouse's claims for allowances pursuant to A.R.S. §§ 14–2401 and 2402. As to the surviving spouse's .claim for a family allowance pursuant to A.R.S. § 14–2403, even though in my opinion her nonresidency does not disqualify her for that allowance, I agree with the majority that A.R.S. § 14–2403 gives the trial judge discretion in regard to the granting of a family allowance, and that that discretion was not abused in denying a family allowance to the surviving spouse under the facts presented here. I therefore concur in the majority's affirmance as to the denial of the family allowance claim.